## MATTER OF SUN

### In Deportation Proceedings

### A-10767108

*Decided by Board October 26, 1966*

Reopening of proceedings to permit application for withholding of deportation under section 243(h) of the Immigration and Nationality Act, as amended by the Act of October 3, 1965, is not warranted in the case of respondent who fears criminal prosecution for misappropriation of state funds, if deported to Formosa, and who, on substantially the same facts, applied for and was denied such relief under the statute prior to amendment.

DEPORTABLE: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (government employee)—remained longer.

The record relates to a 37-year-old male alien, a native and citizen of China, whose wife and two children are also natives and citizens of that country and reside on Formosa. The respondent was admitted to the United States as a nonimmigrant government employee of China on August 18, 1956. Approximately one year after such admission he abandoned his lawful status. His deportability is established and uncontested. He has been granted the privilege of voluntary departure.

These deportation proceedings were instituted on or about April 16, 1963. In the course thereof, the respondent applied for adjustment of his status to that of a permanent resident under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255). An application for temporary withholding of his deportation under section 243(h) of the Immigration and Nationality Act (8 U.S.C. 1253) was specifically waived by respondent who was then represented by counsel. The relief of suspension of deportation under section 244(a) of the Immigration and Nationality Act (8 U.S.C. 1254) was not applied for at that time, apparently because respondent had not completed seven years' physical presence within the United States as required by the statute.

On September 26, 1963, the special inquiry officer denied the respondent's application for adjustment of his status to that of a

permanent resident. On April 24, 1964, this Board affirmed that decision of the special inquiry officer. On June 9, 1964, we denied the respondent's motion for reopening of the proceedings to permit him to file and prosecute an application for temporary withholding of his deportation to Formosa. The case is now again before us for consideration by way of a motion to reopen the proceedings to permit the respondent to file and prosecute applications for temporary withholding of his deportation under section 243(h) of the Immigration and Nationality Act, and/or suspension of his deportation under section 244(a)(1) of that Act.

The Service opposes the granting of this motion insofar as it is directed to permitting the respondent to file and prosecute an application for suspension of deportation. It does so on the ground that favorable exercise of discretion to grant suspension of deportation is not merited by the respondent who, following admission as a non-immigrant, has acquired minimum eligibility for such relief by taking advantage of every administrative and other remedy available to him. The record before us supports the Service position in this respect. Accordingly, and on the basis of a prior precedent decision of this Board (*Matter of L—*, A-11196360, 5/27/66; Int. Dec. #1596), the respondent's motion is denied insofar as it is concerned with reopening the proceedings to permit him to file and prosecute an application for suspension of deportation.

The Service is also opposed to favorable action on the respondent's motion insofar as it relates to the question of temporary withholding of his deportation to Formosa. Basically, its position in this respect is predicated on the fact that we denied a similar motion on July 13, 1964, after carefully considering substantially the same facts on which the present motion is predicated. It indicates awareness of the fact that section 243(h) of the Immigration and Nationality Act has been amended since the entry of our last order, but claims that the test for this relief provided for under the new law is not so different from that spelled out in the old law as to require reopening the proceedings now. It asserts that the evidence on this point which we previously considered and is still relied on by respondent clearly does not meet the new statutory test and, therefore, does not require reexamination. Again, we agree with the Service and are of the opinion that favorable action on this portion of the respondent's motion is not warranted.

8 CFR 242.17(d) requires an application for relief under section 243(h) of the Immigration and Nationality Act to be made in the course of the hearing before the special inquiry officer; and 8 CFR.

242.22 provides that a motion to reopen to consider an application for such relief will not be granted if the alien's right to apply was fully explained to him by the special inquiry officer, and he was afforded an opportunity to apply at the hearing. As indicated above, this record shows that the special inquiry officer complied strictly with the requirements of 8 CFR 242.22, and the respondent specifically waived his right to apply. The record also reflects that the respondent was represented by competent and experienced counsel at the time he did so.

We are aware that 8 CFR 242.22 does authorize reopening where the request therefor is based on circumstances arising after the hearing; that section 243(h) as originally enacted made the test for relief thereunder "physical persecution"; and that the October 3, 1965 amendment to the statute (P.L. 89-236, 89th Cong., H.R. 2580) altered the test to "persecution on account of race, religion or political opinion." We, however, do not think these factors call for favorable action on the motion.

On June 9, 1964, when this Board denied a similar motion in this case, our decision was based on a thorough review of evidence designed to establish that respondent's deportation to Formosa would subject him to "physical persecution." Specifically, the evidence then considered was intended to show that respondent might be put to death by Formosan authorities. It revealed that his fear of such a fate was predicated on the fact that he had received and/or requested from them funds to further the purpose for which they had permitted him to come to the United States, for their ultimate benefit as well as his, whereas he had, in fact, long since abandoned pursuit of that goal and was advancing his own interests which were inconsistent therewith.

The present motion is based on the same evidence we previously found wanting as proof of possible "physical" persecution. And counsel's arguments in support of this motion are still directed to the respondent's fear of "physical" punishment for conduct clearly criminal in nature rather than political. The contentions now voiced do not tend to show that respondent's case falls within the amended statute, to wit: that he fears "persecution on account of race, religion or political opinion." Therefore, we find that this motion does not satisfy the requirements of 8 CFR 3.8 that it be based on new facts to be proved at the reopened hearing.

In other words, counsel seeks to avail himself of the statute as amended to delete the word "physical" from its provisions. However, he argues solely that the respondent will be subject to "physi-

874

cal" persecution, an argument which has previously been considered and rejected by this Board. Accordingly, no useful purpose would be served to now reopen proceedings for consideration under the amended statute. The motion, therefore, will not be granted.

**ORDER:** It is ordered that the motion be and the same is hereby denied.